UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KIM YOUNG,

    Plaintiff,

v.   CASE NO. 3:15-cv-277-J-MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

    Defendant.
_____/

## **ORDER**

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for period of disability and disability insurance benefits. Plaintiff alleges she became disabled on January 1, 2011.[1] Plaintiff's applications were denied initially and on reconsideration. A hearing was held before the assigned Administrative Law Judge ("ALJ") on August 1, 2013, at which Plaintiff was represented by an attorney. (Tr. 60-95.) The ALJ found Plaintiff not disabled since January 1, 2011, the amended, alleged onset date, through June 30, 2013, the date last insured. (Tr. 42-53.)

Plaintiff is appealing the Commissioner's decision that she was not disabled during the relevant time period. Plaintiff has exhausted her available

---

[1] Plaintiff initially alleged an onset date of January 15, 2009. (Tr. 184-85.) However, she subsequently amended her alleged onset date to January 1, 2011, consistent with the time she stopped engaging in work activity or receiving income. (Tr. 198.)

administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the briefs, and the applicable law. For the reasons stated herein, the undersigned determines that the Commissioner's decision is due to be **AFFIRMED**.

## I.	Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to

determine the reasonableness of the Commissioner's factual findings).

## II.     Discussion

Plaintiff argues one general point on appeal: that the ALJ erred in according little weight to the opinions of Plaintiff's treating doctor, Thomas Wikstrom, M.D.  Specifically, Plaintiff argues that the ALJ's reasons for discounting Dr. Wikstrom's opinions are not supported by substantial evidence.  (Doc. 20.)

Defendant responds the ALJ properly discounted the opinions of Dr. Wikstrom.  Defendant contends that the ALJ articulated valid reasons for according the treating doctor's opinions little weight and those reasons are supported by substantial evidence.  (Doc. 21.)

### A.     The ALJ's Decision

The ALJ determined that Plaintiff had severe impairments, including degenerative joint disease, degenerative disc disease, affective mood disorder, obesity, attention deficit hyperactivity disorder ("ADHD"), and anxiety.  (Tr. 44.) The ALJ then determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  (Tr. 29-30.)

The ALJ made the following residual functional capacity ("RFC") determination:

> [T]he claimant has the [RFC] to perform light work as defined

> in 20 CFR 404.1567(b) with limitations.  The claimant can lift 10 pounds frequently, 20 pounds occasionally; and within a normal 8-hour workday with normal work breaks the claimant can sit, stand, or walk up to 6 hours.  The claimant must only occasionally use her lower left extremity (i.e., foot controls); she is limited to no more than occasional balancing, stooping, kneeling, crouching, crawling; and she is limited to no more than occasional climbing of ramps and stairs, but no climbing ropes, ladders or scaffolds.  The claimant is limited to short, simple, routine tasks, as she is moderately limited in her ability to carry out detailed instructions and moderately limited in her ability to maintain concentration for extended periods.  She needs to have a position that avoids dealing with the general public and requires very few social demands, as she is restricted to no more than moderate interaction with the general public (Exhibit 3A/8-11).

(Tr. 46.)  In making this finding, the ALJ evaluated the opinion evidence.  The ALJ accorded little weight to the opinions of treating doctor, Thomas Wikstrom, M.D. (Tr. 50.)  When evaluating Dr. Wikstrom's opinions contained within a May 2013 mental health questionnaire, the ALJ noted, *inter alia*, that "Dr. Wikstrom's medical source statements contained within said questionnaire [are] plainly inconsistent with his overall treatment records and progress notes, as well as largely unsupported by the objective medical evidence of record as a whole." (*Id.*)

With the benefit of testimony from Vocational Expert Jackson McKay, the ALJ determined that there are other jobs existing in significant numbers in the national economy that Plaintiff can perform based on her age, education, work experience, and RFC, such as gate attendant, mail clerk, and cleaner.  (Tr. 51-

52.) As such, the ALJ found that Plaintiff was not disabled.  (Tr. 52.)

## B. Relevant Opinion Evidence

Dr. Wikstrom, a psychiatrist, began treating Plaintiff for ADHD in January 2008.  (Tr. 290.)  The record contains various progress notes from Dr. Wikstrom, documenting mental health treatment from January 2008 through May 30, 2013.  (Tr. 290-307, 342-47, 358-60.)  On May 30, 2013, Dr. Wikstrom completed a Mental Health Medical Source Statement.  (Tr. 350-55.)  In the statement, Dr. Wikstrom noted that Plaintiff suffers from severe depression and anxiety.  (Tr. 350.)  Dr. Wikstrom described Plaintiff's prognosis as "poor" and indicated that her "meds only work partially." (*Id.*)  Dr. Wisktrom described Plaintiff's symptoms as including, among others, "[p]ersistent disturbances of mood or affect," "[d]ifficulty thinking or concentrating," "[d]isorientation to time and place," "[e]asy distractibility," and "[m]emory impairment- short, intermediate or long term."  (Tr. 351.)  He opined that Plaintiff had multiple "marked" and "extreme" limitations in the areas of mental abilities and aptitudes needed to do unskilled work, mental abilities and aptitudes to do semiskilled and skilled work, and mental abilities and aptitude needed to do particular types of jobs.  (Tr. 352-53.)  Ultimately, Dr. Wikstrom opined that Plaintiff could not work due to her severity of depression and fear or panic, that Plaintiff would miss more than four days of work per month as a result of her impairments, and that the limitations described by Dr. Wikstrom applied as of December 2010.  (Tr. 353-55.)

### C.     The ALJ's Evaluation of Dr. Wikstrom

Plaintiff contends that the ALJ erred in giving little weight to the opinions of Dr. Wikstrom.  More specifically, Plaintiff asserts that the ALJ failed to show good cause for discounting his May 30, 2013 mental health assessment.

The ALJ is required to consider all the evidence in the record when making a disability determination.  *See* 20 C.F.R. §§ 404.1520(a)(3), 416.920(a)(3).  With regard to medical opinion evidence, "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor."  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011).  Substantial weight must be given to a treating physician's opinion unless there is good cause to do otherwise.  *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

"'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating's physician's opinion was conclusory or inconsistent with the doctor's own medical records."  *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004).  When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on: (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the medical evidence supporting the opinion, (4) consistency of the medical opinion to the record as a whole, (5) specialization in the medical issue at issue, and (6) any other factors that tend to

support or contradict the opinion.  20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6).

Additionally, when electing to disregard the opinion of a treating physician in a social security disability case, the ALJ must clearly articulate his or her reasons, and the reasons for giving little weight to the opinion of the treating physician must be supported by substantial evidence.  *See Marbury v. Sullivan*, 957 F.2d 837, 841 (11th Cir.1992); *Phillips*, 357 F.3d at 1241.

The undersigned finds that the ALJ showed good cause for discounting the opinions of Dr. Wikstrom.  The undersigned also finds the reasons for discounting the opinions of Dr. Wikstrom are supported by substantial evidence.

The ALJ considered the opinions of Dr. Wikstrom and articulated clear reasons for according them little weight.  The ALJ accorded little weight to the opinions of Dr. Wiskstrom because he found the May 30, 2013 "questionnaire plainly inconsistent with his overall treatment records and progress notes."  (Tr. 50.)  For example, although Dr. Wikstrom stated that the severity of Plaintiff's depression and anxiety prevent her from working, Plaintiff's routine treatment with Dr. Wikstrom for several years demonstrated moderately good response to treatment.  (Tr. 48, 350, 353.)  Dr. Wikstrom consistently noted that Plaintiff presented with appropriate appearance, motor behavior within normal limits, cooperative attitude and behavior, thought content and speech within normal limits, perception within normal limits, clear sensorium, good or fair judgment and

insight, and intact cognitive functions. (Doc. 48; 292-305, 307, 342-43, 345-47.) Dr. Wikstrom also consistently reported Plaintiff's mood as euthymic and her affect as broad. (Tr. 292-307, 342-47, 358.)

The ALJ also noted that Dr. Wikstrom often recorded Plaintiff making improvements and progress in mental health status. For example, on July 20, 2012, Plaintiff reported "feel[ing] much better!" (Tr. 346.) Dr. Wikstrom reported Plaintiff as "look[ing] good" on November 8, 2012, and "stable" on March 1, 2013. (Tr. 359-60.) Further, as referenced by the ALJ, although there were fluctuations in Plaintiff's reported symptoms throughout the course of treatment, the treatment notes reveal no more than moderate limitations in general mental functioning. (Tr. 48.) Dr. Wikstrom demonstrated this by assigning Global Assessment of Functioning ("GAF") scores ranging from 54-66 throughout the course of treatment, indicating at most moderate symptoms. (Tr. 292-307, 342-47, 358-60); *see also Gilabert v. Comm'r of Soc. Sec.*, 396 F. App'x 652, 655 (11th Cir. 2010) ("It is undisputed that the GAF scores [Plaintiff's treating physician] assigned to [Plaintiff] indicated only moderate difficulty in functioning and were therefore inconsistent with the severe limitations that [Plaintiff's treating physician] outlined in his RFC assessment."). Moreover, Dr. Wikstrom completed routine assessments and prescribed medication during the course of treatment, even when increased symptoms existed. (Tr. 298-99, 301, 303-304, 306, 342-43, 347, 358.) Dr. Wikstrom did not recommend further testing or services during times of

reported increased depression or anxiety.  (*Id.*)

Notably, Dr. Wikstrom's treatment notes are devoid of any mention of the severe deficits in attention, concentration, memory, social interaction, and mood as described by him in May 2013.  (Tr. 290-305, 307, 342-47, 358, 360.)  For example, Dr. Wikstrom opined that Plaintiff encountered severe "panic."  (Tr. 351, 353.)  However, as the Commissioner notes, his treatment notes fail to mention any complaints of panic.   Also, Dr. Wikstrom consistently reported Plaintiff as having "good" or "fair" judgment, insight, attention, memory, and impulse control.  (Tr. 297-305, 307, 342-47, 358-60.)  Finally, the treatment notes reveal that Plaintiff consistently kept her appointments.  (Tr. 303-07, 342-47, 358-60.)

The ALJ also found Dr. Wikstrom's questionnaire "largely unsupported by the objective medical record as a whole."  In other words, as the ALJ properly articulated inconsistencies between Dr. Wikstrom's questionnaire and treatment notes, he further analyzed the other medical evidence of record, but found a lack of support for Dr. Wikstrom's opinions.  The ALJ did not err in this regard.  For example, emergency records from January 8, 2012 reveal that Plaintiff presented with back pain and chest pain correlated with anxiety attacks when Plaintiff stopped taking her medications one week prior to her visit. (Tr. 317, 375.)  However, Plaintiff presented as oriented times 3, mood and affect within normal limits and having no motor or sensory deficit.  (Tr. 314, 372.)  Plaintiff's symptoms were reported as "mild."  (Tr. 313, 371.)  She was discharged the same day

shortly after arriving, diagnosed with "anxiety and stress reactions," administered appropriate medications with medical instructions to follow-up with her primary treating physician, and instructed to quit smoking. (Tr. 48, 315, 373.)

Moreover, as the ALJ noted, state agency consulting psychologist, Peter Knox, examined Plaintiff when she was not taking medication in January 2012. At that time, Plaintiff presented with well-groomed appearance, normal social skills and manner of relating, euthymic mood, rational and coherent thought process, normal memory skills, and no evidence of significant deficits in concentration, persistence, and pace. (Tr. 49, 329-33.) Dr. Knox concluded that there were "no behavioral indications of anxiety or thought disorder at the time of the interview," found "[n]o significant impairment," in the area of work-related mental activities, and assigned a GAF score of 55. (Tr. 332.) The ALJ properly found Dr. Knox's opinions consistent with the medical record and accorded the opinion substantial weight.

The ALJ also considered the opinions of non-examining psychological consultant Judith Meyers. Dr. Meyers reviewed the file in April 2012 and documented the pertinent health findings in the record. (Tr. 115-116.) She specifically noted that Dr. Wikstrom did not indicate a worsening of depression and that Dr. Wikstrom's mental status examination revealed "appropriate appearance, cooperative behavior, thinking and perceptions within normal limits, sensorium clear, cognitive functions intact, euthymic mood, broad affect, good

judgment, insight, attention and memory." (Tr. 116.) Accordingly, Dr. Meyers opined that Plaintiff was moderately limited with regard to her mental abilities involving detailed instructions, her ability to maintain attention and concentration for extended periods, and her ability to interact appropriately with the general public. (Tr. 119-20.) The ALJ properly found Dr. Meyers' opinions supported by the medical evidence of record and her opinions support the ALJ's assessment of Dr. Wikstrom.

### III.   Conclusion

The Court does not make independent factual determinations, re-weigh the evidence, or substitute its decision for that of the ALJ. Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence. Based on this standard of review, the undersigned affirms the ALJ's decision that Plaintiff was not disabled within the meaning of the Social Security Act for the time period in question.

Accordingly, it is **ORDERED** that:

1.   The Commissioner's decision is **AFFIRMED**.

2.   The Clerk of Court be directed to enter judgment accordingly and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on June 15, 2016.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record